**RYDER TRUCK LINES, INC., and Harris Express, Inc., Plaintiffs,**

v.

**The UNITED STATES of America, and the Interstate Commerce Commission, Defendants.**

**The Southern Traffic League, Inc., the American Textile Manufacturers Institute, Inc., the North Carolina Textile Manufacturers Association, Inc., the South Carolina Textile Manufacturers Association, Inc., the Traffic Department and the Georgia-Alabama Textile Traffic Association, Inc., Intervenors.**

**RYDER TRUCK LINES, INC., Plaintiff,**

v.

**The UNITED STATES of America, and the Interstate Commerce Commission, Defendants.**

**The Georgia-Alabama Textile Traffic Association, Inc., and Carpet and Rug Institute (Successor in Interest to Tufted Textile Manufacturers Association), Intervenors.**

Nos. 69–253–Civ–J, 69–389–Civ–J.

United States District Court
M. D. Florida,
Jacksonville Division.

Dec. 4, 1969.

Norman Bolinger, Dan R. Schwartz, Jacksonville, Fla., Dennis J. Taylor, J. Elliott Bunce, John S. Fessenden, Washington, D. C., Rice, Carpenter & Carraway, Washington, D. C., for plaintiffs.

John H. D. Wigger, Atty., U. S. Dept. of Justice, Washington, D. C., John L. Briggs, U. S. Atty., Jacksonville, Fla., Fritz R. Kahn, Acting General Counsel, and Nahum Litt, Atty., Interstate Commerce Commission, Washington, D. C., for the U. S. A. and I. C. C.

James M. Jones, Jr., and L. O. Kimberly, Jr., Atlanta, Ga., Paul P. Watkins, Atlanta, Ga., for intervenors.

Before CARSWELL, Circuit Judge, and McRAE and SCOTT, District Judges.

PER CURIAM:

In these actions, combined for one hearing, the plaintiffs seek to set aside two separate orders of the Interstate Commerce Commission denying the plaintiffs' requests for increased charges. In the "Pick-Up Charge" case, No. 69-253-Civ-J, the plaintiffs seek to assess, in addition to current freight charges, a pick-up charge of 50 cents per 100 pounds on all single shipments where the applicable freight charges, exclusive of the pick-up charge, are less than $15.00. In the "Shipment Handling case, No. 69-389-Civ-J, the plaintiff seeks to assess a shipment handling charge of 25 cents per 100 pounds, with a $1.50 minimum charge per shipment, on all shipments of less than 1,000 pounds originating in a 51-county area in Georgia destined to Florida.

In the "Pick-Up Charge" case, the Commission noted that motor carrier rates historically have included pick-up rates the expense of which was taken into account in establishing over-all line-haul rates, and that the current rates were some evidence of what constituted just and reasonable rates. The Commission ruled that the plaintiffs' evidence of higher costs on small shipments was not relative since this matter had been taken into consideration in establishing over-all line-haul rates. The Commission then concluded that the plaintiffs had not met their statutory burden (49 U.S.C. § 316 (g)) of showing the increased rates to be just and reasonable and ordered the increase cancelled.

In the "Shipment Handling" case, the Commission also found that the plaintiff had not sustained the burden of proof of showing the necessity for the increased rates and, likewise, ordered the rate cancelled. In denying the proposed increases, the examiner found that the plaintiff had (Ex. R. 5):

(1) Presented no evidence concerning its traffic patterns for points in Georgia or the Southern territory generally which could be compared to the traffic patterns for the Southern Georgia points upon which the proposed arbitraries would apply;

(2) Failed to introduce any pertinent data showing the actual cost of service;

(3) Failed to explain why the arbitraries should apply to shipments of less than 1,000 pounds; and

(4) Made no showing on traffic of less than 1,000 pounds as to why traditional applications of classification relationships among commodities, consideration of distance, etc., should have been disregarded.

The plaintiffs thereafter petitioned the Commission for leave to present additional evidence. This request was denied on the grounds that the evidence sought to be added was available at the time of the original hearing and would only be cumulative.

■ The scope of review of this Court is limited to the question of whether the Commission's decision is supported by substantial evidence on the record. This is particularly true in the area of ratemaking. Ringsby Truck Lines, Inc. v. United States, 263 F.Supp. 552 (D.Colo. 1967), appeal dismissed, National Small Shipments Traffic Conference, Inc. v. Ringsby Truck Lines, 389 U.S. 576, 88 S.Ct. 689, 19 L.Ed.2d 775 (1968); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260 (1934); Central and Southern Motor Freight Tariff Association, Inc. v. United States, Civil Action No. 1284 (N.D.Ga., June 9, 1969).

■ After a consideration of the record, the briefs and the oral argument of counsel, the Court is convinced that the action of the Commission is amply supported by the record.

Therefore, it is

Ordered:

1. The order of the Interstate Commerce Commission is upheld.

2. The temporary restraining order is dissolved.

3. This action is dismissed, with prejudice, and at the cost of the plaintiffs.